8    **UNITED STATES DISTRICT COURT**

9    **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| CARLOS PEDRO, et al., | ) Case No.: 1:16-cv-0283 - DAD-JLT |
| Plaintiffs, | ) ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY |
| v. | ) (Doc. 43) |
| GABRIEL GALLARDO, SR., et al., | ) ORDER DROPPING FROM CALENDAR PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT KERN COUNTY CULTIVATION, INC. |
| Defendants. | ) (Doc. 44) |

Plaintiffs assert they "were farmworkers who performed vineyard work for the Defendants Gabriel Gallardo Sr., Manuel Gallardo, Silvia Esther Gallardo, Kern County Cultivation Inc., Nazar Kooner, Pawan S. Kooner and Hardeep Kaur." (Doc. 34 at 2, ¶ 1) According to Plaintiffs, the defendants violated federal and state law through the failure to pay wages due, failure to provide required meal and rest breaks, and the failure to reimburse the plaintiffs for necessary tools and equipment. (*See id.* at 2-3)

Plaintiffs now seek to compel Defendant Manuel Gallardo to produce further discovery, responsive to Plaintiffs' First Set of Requests for Production of Documents. (Doc. 43) Although Plaintiffs contacted Defendant to prepare a Joint Statement, he failed to participate in preparing the statement (*see* Doc. 63-7 at 1-2), and has not opposed the motion to compel discovery.

Plaintiffs also seek to compel production of documents from Kern County Cultivation, Inc. However, counsel for this corporate entity was permitted to withdraw from its representation. (Doc. 60) Though the Court continued the hearing on the motions to compel after this date, the corporation had not yet retained new counsel and service of the minute order and the joint statement was not made on the corporation. Thus, the Court **DROPS** the motion related to the corporation. Earlier, the Court issued an order to show cause re: sanctions for its failure to obtain substitute counsel. Once new counsel appears, if this occurs, Plaintiffs may reset the motion as to the corporation for hearing.

Nevertheless, as to the motion related to Manuel Gallardo, the motion to compel is **GRANTED**.

**I.     Background**

Plaintiffs contend the defendants "jointly and severally operated an agricultural operation in Kern County, from at least 2014." (Doc. 34, ¶ 18) Plaintiffs allege they "worked for Defendants as farm laborers, performing vineyard work for Defendants through the 2015 harvest." (*Id.*, ¶19) Plaintiffs assert they were "recruited and hired" by Defendants, who "directed them when to begin and end work, assigned tasks to each employee at the work site, directed them as to when and if they could take meal and rest breaks, and established their rates of pay." (*Id.*, ¶ 20)

According to Plaintiffs, they were informed by Defendants—either directly or through an agent or employee—that the pay would be $9.00 per hour for all hours worked, and would be received on a weekly basis. (Doc. 34, ¶ 21) Plaintiffs allege they, and others on their crews, "generally worked for Defendants six days per week, eight and a half hours per day, from March 2015 through June 2015." (*Id.*, ¶ 22) Plaintiffs assert they did not receive all wages due, and that "Defendants failed to provide …accurate itemized wage statements and failed to keep accurate records showing the hours worked and the rate of compensation paid." (*Id.*) In addition, Plaintiffs allege the "crews regularly worked an excess of five hours a day without being provided at least one thirty-minute meal period, and an excess of four hours a day without being provided at least a ten-minute rest period." (*Id.*, ¶ 23) Instead, Plaintiffs assert they were permitted "only allowed to take a ten or fifteen-minute lunch break, and that they were not permitted a second rest break in the afternoon." (*Id.*) Plaintiffs also contend Defendants did not reimburse them for necessary tools and equipment. (*Id.*, ¶ 52)

Based upon these facts, Plaintiffs contend the defendants are liable for: (1) violation of the

Agricultural Workers Protection Act, 29 U.S.C. § 1801; (2) failure to pay minimum wages in violation of the state law and the Fair Labor Standards Act, 29 U.S.C. 206; (3) failure to provide meal and rest periods required by Cal. Labor Code § 226.7; (3) failure to reimburse for necessary tools and equipment, in violation of Cal. Labor Code § 2082(a); (5) failure to provide accurate, itemized wage statements as required by Cal. Labor Code § 226; (6) failure to pay wages due upon termination of employment as required by Cal. Labor Code §§ 201, 202, 203; (7) failure to permit inspection of employee records; (8) payment of wages with bad checks; (9) violations of the California Farm Labor Contractors Act; (10) unlawful completion in violation of Cal. Bus. & Prof. Code §§ 17200-17208; and (11) civil penalties arising under the Private Attorney Generals Act. (*See generally* Doc. 34)

## II.     Scope of Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## III.    Requests for Production

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information

3

can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 WL 3303718 (E.D. Cal. Sept. 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

If a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of the documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of

discovery." *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578 at *5 (E.D. Cal. Apr. 9, 2012) (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

**IV.     Discussion and Analysis**

Plaintiffs served their Request for Production of documents in which they sought discovery such as: payroll records; rest and meal period waivers; documents regarding recruiting and hiring of farmworkers; and documents related to the role of Manuel Gallardo, Silva Gallardo, and Gabriel Gallardo in Kern County Cultivation, Inc. (*See* Doc. 63 at 5) According to Plaintiffs, "Defendants have refused to produce responsive information that is relevant and unprivileged." (*Id.*) Plaintiffs report Defendant failed to produce any electronic information, as well as "records for the entire liability period and for all current or former employees within that period." (*Id.* at 5-6) Instead, the defendant "produced records for just a few weeks between late June and early July 2014." (*Id.*) Plaintiffs report they informed Defendant's counsel—who has since withdrawn from representation—of the inadequacy of the response, and were told further responsive documents would be produced. (*Id.*) However, none were provided. Accordingly, Plaintiffs seek to compel further responses to the following requests for production:

- RFP 9-17 Time records and work/break schedules;
- RFP 18-19 Rest/meal period waivers;
- RFP 25 Documents relating to recruiting and hiring of farmworkers ;
- RFP 29 Agreements between defendants;
- RFP 38 Documents relating to alleged employment by Nazar Kooner of Gabriel and Manuel Gallardo;
- RFP 53-55 Documents relating to the roles of Silvia, Gabriel and Manuel Gallardo in Kern County Cultivation, Inc.; and
- RFP 58 Farm locations– relevant to FLC and grower liability, wage claims.

(Doc. 63 at 5)

The discovery requested is clearly relevant to the claims and defenses presented in this action. Significantly, Defendant previously acknowledged the failures of his discovery responses in a Joint Statement filed December 12, 2016, in which the parties informed the Court that "Defendants have not

yet produced all records that are within their custody or control." (Doc. 29 at 3-4) Further, the parties indicated, "Plaintiffs anticipate that Defendants will supplement their production with electronic information, and other payroll and timekeeping information and written contracts and agreements." (*Id.* at 4) Despite this, no additional documents were produced by Manuel Gallardo. (Doc. 63 at 6)

Given Defendant's admitted failure to adequately respond to the discovery requests, Plaintiffs' motion to compel further production of documents is **GRANTED**.

## V. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. The motion to compel directed to Kern County Cultivation, Inc., is **DROPPED** for lack of service;

2. Plaintiffs' motion to compel further discovery responses (Doc. 41) is **GRANTED**;

3. Manuel Gallardo **SHALL** produce documents responsive to Plaintiffs' request for production **within 14 days** of the date of service of this Order. Mr. Gallardo **SHALL** redact social security numbers, financial account numbers and driver's license numbers from the records produced or **SHALL** enter into a protective order with the other parties to protect this information from disclosure. The need to enter into the protective order **SHALL NOT** extend the time for the production of the records;

4. The parties **SHALL** maintain the confidentiality of these records and **SHALL** not use them outside of this litigation. At the conclusion of this litigation, all of the records **SHALL** be destroyed. In the event the records are not redacted and a party wishes to file them on the public docket, the party **SHALL** comply with Local Rule 140(a).

IT IS SO ORDERED.

Dated: **June 22, 2017**         /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE