UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCARIA TENORIO, et al., | Case No.: 1:16-cv-00283 DAD JLT |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO STRIKE THE ANSWER AND ENTER DEFAULT |
| v. | |
| GABRIEL GALLARDO SR., et al., | |
| Defendants. | |

On May 10, 2017, the Court granted the motion of counsel to withdraw from the representation of Kern County Cultivation, Inc. (Doc. 60) At that time, the Court required Kern County Cultivation, Inc. to retain a new attorney because a corporation may not appear without counsel. (Doc. 60 at 6) Kern County Cultivation, Inc. failed to respond or to appear through counsel.

On June 22, 2017, the Court issued an order to Kern County Cultivation, Inc. to show cause why sanctions should not be imposed for its failure to comply with the Court's order and to appear through counsel. (Doc. 65) The Court required that a response or an appearance by substitute counsel occur by July 14, 2017. Id. at 1. The Court warned that the failure to comply would result in sanctions, "up to and including the Court striking its answer and entering default against it." Id. Once again, there was no response from Kern County Cultivation, Inc. Thus, the Court recommends that Kern County Cultivation, Inc.'s answer be stricken and default entered.

///

I.  **The Court has the inherent authority to strike the answer and entering default**

The court has the inherent authority "to levy sanctions in response to abusive litigation practices." Leon v. IDX Systems, 464 F.3d 951, 958 (9th Cir.2006). This power is not limited to statutory authority and may be invoked even where a statute grants the court the equivalent authority. Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1243 (9th Cir.2016). The Court's inherent authority is to be exercised "with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Imposing sanctions according to the Court's inherent authority may occur where the party has acted "vexatiously, wantonly, or for oppressive reasons." Id. at 45–46; see also Haeger, 813 F.3d at 1244 (holding that "[b]efore awarding sanctions pursuant to its inherent power, the court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith.") (internal quotations and citations omitted); Anheuser–Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir.1995) ("For dismissal to be proper, the conduct to be sanctioned must be due to willfulness, fault, or bad faith.") (internal quotations and citations omitted). In addition, "[d]ue process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.' " Anheuser–Busch, 69 F.3d at 348 (quoting Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 591 (9th Cir.1983)).

Part of the Court's inherent authority allows it to impose non-monetary sanctions including striking the answer and entering default. Haeger, at 1251 (citing Thompson v. Housing Authortity of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986)). In Employee Painters' Tr. v. Ethan Enterprises, Inc., 480 F.3d 993, 998 (9th Cir. 2007), the Court explicitly condoned striking the answer and entering default where the corporation failed to appear through counsel despite the local rule requiring

II.  **Striking the answer and entering default is appropriate**

As noted above, Kern County Cultivation, Inc. has failed to respond to the Court's orders. Moreover, it is noteworthy that at the time its counsel sought to withdraw, this defendant refused to comply with discovery requests which necessitated the plaintiffs to file two motions to compel the discovery (Docs. 44, 61) This was part of the reason that its counsel sought to withdraw from the representation.  (Docs. 39, 44)

Also, back in April 2017, the entity acknowledged its obligation to appear in this action through counsel and understood its obligation to defend itself in this action. (Doc. 54) The entity acknowledged that if it failed to comply with these obligations "action will be taken against them. Defendants will lose their case" and that "[f]ailure to retain an attorney will lead to an order dismissing the action." Id. at 2. Likewise, the Court's Local Rule 183(a) explicitly requires that "[a] corporation or other entity may appear only by an attorney" and the failure to do so is "ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." Despite this, Kern County Cultivation, Inc. has failed to comply with the Court's orders and appear through counsel in this action. Thus, the Court recommends that its answer be stricken.

In addition, the Court finds that entering default is warranted. In so finding, the Court has considered five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on the merits; and (5) the availability of less drastic sanctions." Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990).

First, due to Kern County Cultivation, Inc.'s failure to cooperate with this case, the matter has languished since February 2017. See Docs. 38-44. This failure has deprived the plaintiffs and the public in expeditiously resolving this dispute. Second, the Court is obligated to manage its docket and to move case as quickly as possible to a just end. The failure of the entity to engage in the litigation process has thwarted this effort. Third, by allowing the matter to drag on despite the entity's failure to cooperate and participate in it, places the plaintiffs in an untenable position in which they are unable to obtain the needed discovery to prove their case and unable to move forward. Fourth, though the public has a strong interest in resolving cases on their merits, this is not possible here where the entity refuses to provide even a minimal respond to the Court. Finally, the Court sees no lesser sanction is available. Repeatedly, the entity has been warned of what will occur if it fails to obtain counsel, to participate in this action and to comply with the Court's orders. Despite this, it has refused to modify its posture. Therefore, the Court recommends that default be entered against Kern County Cultivation, Inc.

**VII.    Findings and Recommendations**

Based upon this analysis, the Court **RECOMMENDS**:

3

1. Defendant, Kern County Cultivation, Inc.'s, answer (Doc. 52) be **STRICKEN**;

2. Default be entered against Kern County Cultivation, Inc.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 3, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE