Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
Eric S. Trabucco (SBN 295473)
Joseph D. Sutton (SBN 269951)
MALLISON & MARTINEZ
1939 Harrison Street Ste. 730
Oakland, CA 94612
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Cynthia L. Rice (SBN 87630)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
1430 Franklin St., Suite 103
Oakland, CA 94612
Telephone: (510) 267-0762
Facsimile: (510) 267-0763

Sahar Durali (SBN 292793)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
601 High St Suite C
Delano, CA 93215
Telephone: (661) 725-4350
Facsimile: (661) 725-1062

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCARIA TENORIO, FRANCISCO VIERA, ABEL MIRANDA, PASCUALA SAUCEDO, CRISTINO SANTIAGO, LUCIA TORRES, ANTONIO TORRES, TERESA MIRANDA, IRMA CASTANEDA, EZEQUIEL AGUILAR, MARIA TERESA, CARLOS PEDRO, ARTEMIO SANTIAGO, and MARIA DE JESUS<br><br>Plaintiffs,<br><br>vs.<br><br>GABRIEL GALLARDO SR., an individual, MANUEL GALLARDO, an individual, SILVIA ESTHER GALLARDO, an individual, KERN COUNTY CULTIVATION, INC, a California corporation, AND NAZAR KOONER, an individual, PAWAN S. KOONER, an individual, HARDEEP KAUR, an individual.<br><br>Defendants. | Case No.: 1:16-CV-00283-DAD-JLT<br><br>**DECLARATION OF MARCO A. PALAU IN SUPPORT OF STIPULATION TO MODIFY SCHEDULE**<br><br>[FRCP 16(b)(4)] |

I, Marco A. Palau, declare the following:

1. I am an attorney duly licensed to practice law in California and before this Court, and am counsel for Plaintiffs in the above-captioned case. The matters set forth below are known to me personally, and if called to testify about them, I would and could do so competently.

2. I make this declaration in support of the stipulation filed by Plaintiffs and Defendants Nazar Kooner, and Pawan S. Kooner, and Hardeep Kaur, through their counsel.

3. I attempted to obtain the agreement of the Gallardo Defendants to this stipulation but they did not respond to my attempts to contact them through email.

4. After the court entered its Order extending the discovery deadline on October 10, 2017 I made a number of attempts to obtain the documents from the Gallardo Defendants, without success. On October 23, 2017 Plaintiffs served deposition notices scheduling the depositions of the Gallardo Defendants for November 30, 2017 and December 1, 2017, with the intent of providing the Gallardo Defendants sufficient time to produce the documents so that Plaintiffs' counsel will be able to review them before deposition. Given the repeated failure to produce those documents, as a precaution we also filed a motion for sanctions which was noticed for hearing on November 27, 2017, prior to the deposition dates and discovery cut-off date. (Docs. 78, 79, 80).

5. Because Defendants are unrepresented Plaintiffs served all moving papers by personal delivery on November 13, 2017. However, the proof of service by mail was filed contemporaneously with the motion (Doc. 81) while the proof of service by personal delivery was not filed until November 14, 2017 (Doc. 82 & 84). The motion was timely filed and served for hearing on November 27, 2017 based on service by personal delivery. However, the court clerk processed the motion based on the certificate of service by mail, the court, therefore considered it untimely based on that service and re-scheduled the motion for hearing on December 1, 2017. (Doc. 83). As a result, the motion for sanctions will be heard after or on the dates set for the

Gallardo Defendant depositions.

6. I have been told by my staff that they attempted to have the matter re-set for the originally noticed date. However, that request was denied. At this time resetting it for that date will likely cause confusion to the unrepresented Defendants.

7. With the current schedule we are placed in the position of having to depose Defendant Sylvia Gallardo prior to the sanctions motions being hearing and depose the remaining Gallardo Defendants on the same day. As a result I think it unlikely that we will either have the documents needed to conduct effective depositions or know what issues, if any have been narrowed by the sanctions order.

8. Plaintiffs counsel have a variety of case commitments during December that will make rescheduling these depositions around the holidays extremely difficult. Therefore, we believe that extending the discovery deadline to February 1, 2018 will ensure that we will not need to come back to the court again for an extension of the discovery cutoff dates.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on November 16, 2017 in Oakland, California.

/s/ *Marco A. Palau*
Marco A. Palau