UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCARIA TENORIO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GABRIEL GALLARDO SR., et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00283 DAD JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFFS' MOTION FOR SANCTIONS, STRIKING THE ANSWER OF GABRIEL GALLARDO SR., AND ENTERING DEFAULT |

Plaintiffs seek the imposition of sanctions against Gabriel Gallardo Sr., in light of his "litigation misconduct over the course of almost two years, culminating in his failure to comply with this Court's June 22, 2017 order compelling [Defendant] to produce documents responsive to plaintiffs' discovery, and his failure to comply with subsequent promises to produce documents." (Doc. 78-1 at 2) Mr. Gallardo did not file an opposition, or otherwise respond to the motion. For the following reasons, the Court recommends Plaintiffs' motion for sanctions be **GRANTED**, the answer of Gabriel Gallardo Sr. be **STRICKEN**, and default be entered.

I.    **Background**

Plaintiffs initiated this action by filing a complaint on February 29, 2016. (Doc. 1) Plaintiffs contend the defendants "jointly and severally operated an agricultural operation in Kern County, from at least 2014." (Doc. 34, ¶ 18) Plaintiffs allege they "worked for Defendants as farm laborers, performing vineyard work for Defendants through the 2015 harvest." (*Id.*, ¶19) Plaintiffs assert they

1

were "recruited and hired" by Defendants, who "directed them when to begin and end work, assigned tasks to each employee at the work site, directed them as to when and if they could take meal and rest breaks, and established their rates of pay." (*Id.*, ¶ 20)

According to Plaintiffs, they were informed by Defendants—either directly or through an agent or employee—that the pay would be $9.00 per hour for all hours worked, and would be received on a weekly basis. (Doc. 34, ¶ 21) Plaintiffs allege they, and others on their crews, "generally worked for Defendants six days per week, eight and a half hours per day, from March 2015 through June 2015." (*Id.*, ¶ 22) Plaintiffs assert they did not receive all wages due, and that "Defendants failed to provide …accurate itemized wage statements and failed to keep accurate records showing the hours worked and the rate of compensation paid." (*Id.*) In addition, Plaintiffs allege the "crews regularly worked an excess of five hours a day without being provided at least one thirty-minute meal period, and an excess of four hours a day without being provided at least a ten-minute rest period." (*Id.*, ¶ 23) Instead, Plaintiffs assert they were permitted "only allowed to take a ten or fifteen-minute lunch break, and that they were not permitted a second rest break in the afternoon." (*Id.*) Plaintiffs also contend Defendants did not reimburse them for necessary tools and equipment. (*Id.*, ¶ 52)

Further, Plaintiffs allege "Defendant Nazar Kooner entered into an agreement for the provision of farm labor contractor services with Defendants Gabriel Gallardo and Kern County Cultivation for the 2015 season without first verifying that Defendants possessed a current valid California farm labor contractor license," and violated California Labor Code §1695.6 and 1697.7. (Doc. 34, ¶ 24)

Based upon these facts, Plaintiffs contend the defendants are liable for: (1) violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801; (2) failure to pay minimum wages in violation of the state law and the Fair Labor Standards Act, 29 U.S.C. 206; (3) failure to provide meal and rest periods required by Cal. Labor Code § 226.7; (3) failure to reimburse for necessary tools and equipment, in violation of Cal. Labor Code § 2082(a); (5) failure to provide accurate, itemized wage statements as required by Cal. Labor Code § 226; (6) failure to pay wages due upon termination of employment as required by Cal. Labor Code §§ 201, 202, 203; (7) failure to permit inspection of employee records; (8) payment of wages with bad checks; (9) violations of the California Farm Labor Contractors Act; (10) unlawful completion in violation of Cal. Bus. & Prof. Code §§ 17200-17208; and

(11) civil penalties arising under the Private Attorney Generals Act. (*See generally* Doc. 34)

On February 24, 2017, Defendants' counsel requested to withdraw from the representation of each of the defendants, including Gabriel Gallardo. (Doc. 38) At the time, counsel reported the defendants were not responding "in a timely manner to important communications." (Doc. 39 at 2) Indeed, the same date, Plaintiffs' filed motions to compel discovery from Gabriel Gallardo, Silvia Gallardo, Manuel Gallardo, and Kern Cultivation Inc. (Docs. 41-44)

After the Court granted counsel's motion to withdraw representation (Doc. 60), the motions to compel discovery were also granted by the Court. (Docs. 67-69) On June 22, 2017, the Court ordered Gabriel Gallardo to "produce documents responsive to Plaintiffs' request for production within 14 days of the date of service of this Order." (Doc. 67 at 6, emphasis omitted) In addition, Mr. Gallardo was directed to "redact social security numbers, financial account numbers and driver's license numbers from the records produced or… enter into a protective order with the other parties to protect this information from disclosure." (*Id.*)

Plaintiffs now report that "[t]he Gallardos have continued to fail to adequately respond to the [requests for production] at issue here, first through counsel, and then in pro per, despite admitting repeatedly that they possess responsive documents." (Doc. 78-1 at 2) Accordingly, Plaintiffs seek the imposition of sanctions against Gabriel Gallardo, including the imposition of sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. (*Id.* at 5)

## II. Rule 37 Sanctions

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). "Just orders" may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceedings in whole or in part;

|   |   |   |
|---|---|---|
| 1 | (vi) | rending a default judgment against the disobedient party; or |
| 2 | (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. |

Fed. R. Civ. P. 37(b)(2)(A). The Ninth Circuit explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

### III. Discussion and Analysis

Plaintiffs seek dispositive sanctions pursuant to Rule 37 for the defendant's repeated failure to comply with discovery in this action. (Doc. 78-1 at 6) Notably, the Ninth Circuit has determined "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir. 1985) (citing *Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir.1985); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)).

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Id.* at 1096; *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith"). The Ninth Circuit has identified five factors that a court must consider when a party seeks terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 186); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988).

///

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).

Further, because the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation, the Court's interest in managing its docket weighs in favor of sanctions. *See Gonzales v. Mills*, 2011 U.S. Dist. LEXIS 31941, at * 14 (E.D. Cal. Mar. 16, 2011) (finding the Court's need to manage its docket favored terminating sanctions because "[t]he Eastern District of California – Fresno Division has a significantly impacted docket [that] is overly congested, and stalled cases due to a lack of prosecution aggravate the situation"). Mr. Gallardo has not complied with discovery, despite being ordered to do so more than five months ago by the Court. (Doc. 67) This Court cannot, and will not hold, this case in abeyance based upon the defendant's continued failure to comply with the Court's order compelling the production of documents. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining party has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dispositive sanctions.

### B. Prejudice

To determine whether Plaintiffs have been prejudiced, the Court must "examine whether the [defendants'] actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a party unreasonably delays the course of the action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Further, Plaintiffs have been prejudiced because the failure to engage in discovery "significantly impairs" their ability to prosecute their claims. *See Gonzalez*, 2011 U.S. Dist. LEXIS 31941, at *15 (citing *Stars' Desert Inn Hotel & Country Club v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997)). Indeed, the Ninth Circuit determined prejudice was "palpable" where a party failed to comply with orders to produce discovery.

*Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Consequently, the risk of prejudice weighs in favor of the issuance of terminating sanctions.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey could result in sanctions satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, a party "can hardly be surprised" by a terminating sanctions "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Throughout the course of the litigation, the parties have been warned that violations of the Court's orders may result in the imposition of sanctions. (*See, e.g.*, Doc. 4 at 8; Doc. 19 at 8) Indeed, when counsel for the defendants withdrew from the action, Mr. Gallardo signed a document in which he acknowledged: "Defendants will not have an attorney representing them. It will be Defendants' responsibility to comply with all court rules and applicable laws. If Defendants fail to do so, or fail to appear at hearings, court conferences, or litigation events, actions will be taken against them. Defendants will lose their case." (Doc. 54 at 2-3) Further, the defendants were reminded of the obligation to comply with the Court's orders through an order dated June 22, 2017, which informed a defendant that "**[f]ailure to comply will result in the imposition of sanctions, including striking the defendant's answer and entering default**." (Doc. 65 at 2, emphasis in original)

Significantly, the Court need only warn a party once that the matter could be dismissed. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the repeated warnings to the parties satisfies the requirement that the Court consider lesser sanctions, and this factor weighs in favor of terminating sanctions. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Mr. Gallardo's willful failure to comply with the Court's orders, the prejudice suffered

6

by Plaintiffs, and the warnings issued to the parties, the policy favoring disposition of cases on their merits is outweighed by the factors favoring dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV. Findings and Recommendations

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiffs' motion for sanctions (Doc. 78) be **GRANTED**;
2. The answers of Gabriel Gallardo, Sr. (Docs. 47, 52) be **STRICKEN**; and
3. Default be entered against Gabriel Gallardo, Sr.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 30, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE