1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUCARIA TENORIO, et al.,              No. 1:16-cv-00283-DAD-JLT

12              Plaintiffs,

13       v.                                ORDER GRANTING IN PART PLAINTIFFS'
                                           MOTION FOR DEFAULT JUDGMENT
14   GABRIEL GALLARDO, et al.,
                                           (Doc. No. 109)
15              Defendants.

16

17

18          This matter is before the court on a motion for default judgment against defendants

19   Gabriel Gallardo, Silvia Gallardo, Manuel Gallardo, and Kern County Cultivation, Inc.

20   (collectively the "Gallardo defendants"). (Doc. No. 109.) On June 19, 2018, that motion came

21   before the court for hearing. Attorneys Cynthia Rice, Marisa Lundin, and Marco Palau appeared

22   telephonically on behalf of plaintiffs. Attorney Randall Rumph appeared on behalf of defendants

23   Pawan S. Kooner, Hardeep Kaur, and Nazar Kooner (collectively the "Kooner defendants"). No

24   appearance was made on behalf of the Gallardo defendants. Having considered the briefing, and

25   having heard from counsel, plaintiff's motion for default judgment will be granted in part.

26                                    **BACKGROUND**

27          This multi-party lawsuit alleges that defendants acted in concert to employ plaintiffs and

28   other farm workers to perform seasonal agricultural work in and around Kern County in 2014 and

                                             1

2015.  Plaintiffs allege that this employment violated various federal and state labor laws, including failure to pay all wages due, failure to provide timely meal periods, failure to provide complete wage statements, and operating as an unlicensed farm labor contractor.  (Doc. No. 109-37 at 7.)

This action proceeds on the plaintiffs' second amended complaint.  (Doc. No. 34 ("SAC").)  On March 22, 2017, the Gallardo defendants filed their answer to the SAC.  (Doc. No. 52.)  Subsequently, the answers of each of the Gallardo defendants were stricken, and the Clerk of the Court issued a certificate of entry of default against them.  (Doc. Nos. 76, 77, 97, 98.)  On April 23, 2018, the court held a pretrial conference, at which defendant Silvia Gallardo appeared on her own behalf.  (Doc. No. 108.)  After hearing from the parties at that hearing, the undersigned vacated the trial date and directed plaintiffs to file a motion for default judgment as to the Gallardo defendants.  (*Id.*)  Plaintiffs did so on May 8, 2018.  (Doc. No. 109.)  No opposition to the motion for default judgment has been filed.

## LEGAL STANDARD

Granting or denying default judgment is within the court's sound discretion.  *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Among the factors that may be considered by the court are:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471–72 (citing 6 Moore's Federal Practice ¶ 55–05[2], at 55–24 to 55–26).

## DISCUSSION

In resolving plaintiffs' motion, the court will address each of the *Eitel* factors in turn below.

/////

**A.      Possibility of Prejudice**

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (citing *PepsiCo v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002)).  Here, it is highly likely that plaintiffs will be prejudiced if default is not entered, since the Gallardo defendants have apparently been unwilling to resolve this matter or to litigate it.  The Gallardo defendants were placed on notice of the allegations against them beginning in 2014, when certain aspects of their practices were the subject of individual complaints by workers filed with the State Labor Commissioner about work performed prior to the time period at issue in this action.  (Doc. No. 109-37 at 42.)  The Gallardo defendants were provided further notice of plaintiffs' complaints through plaintiffs' July 17, 2015 letter to defendants and the California Labor and Workforce Development Agency ("LWDA").  *Id.*  Of course, in this very action, defendants were properly served and filed their answers to plaintiffs' complaint, but thereafter have failed to respond to discovery, resulting in the Clerk's entries of default.  (Doc. Nos. 71, 76, 92, 93, 94, 97.)  Though defendants are to be accorded some leeway in light of their *pro se* status, it appears clear that they have now effectively abandoned the litigation.  Absent a default judgment in plaintiffs' favor, it appears that plaintiffs would "likely be without recourse or recovery." *United States v. Approximately $19,126*, No. 16-CV-06645-LHK, 2017 WL 3969455, at *4 (N.D. Cal. Sept. 8, 2017).  Consideration of this factor weighs in favor of granting plaintiffs' motion.

**B.      Merits of Plaintiffs' Claim and Sufficiency of Complaint**

The second and third *Eitel* factors, relating to the merits of plaintiffs' claims and the sufficiency of the complaint, can be discussed in tandem.  Because defendants have defaulted, the factual allegations of the complaint are taken as true, except for the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  There are no noteworthy disputes as to the allegations in the complaint.  Defendants have filed cross-claims against each other, alleging that the others were responsible for compensating workers but failed to do so.  (*See* Doc. No. 109-37 at 41.)  Specifically, the Kooner defendants alleged that they paid the Gallardo defendants for the labor provided, and that the Gallardo defendants then failed to pay workers.  (*Id.*)  The

Gallardo defendants, in turn, allege that the Kooner defendants were responsible for paying workers. (*Id.*) Therefore, the primary questions in this case relate to how much is owed in wages and penalties to the workforce and to the state.

1.     First Cause of Action: Agricultural Worker Protection Act ("AWPA")

29 U.S.C. § 1854(c) provides that employers are liable for actual damages or statutory damages of up to $500 per plaintiff per violation of the protections afforded by AWPA. Plaintiffs allege three separate violations which will be addressed below.

a.     *Violation of the Working Arrangements*

Plaintiffs allege that defendants violated working arrangements in violation of 29 U.S.C. § 1832(c) by not abiding by meal and rest period requirements that were posted on Wage Orders. (Doc. No. 109-37 at 20.) The wage order requires that meal period be provided after a work period of not more than five hours of work. Plaintiffs have submitted declarations[1] stating that meal periods were regularly provided in the sixth or seventh hour of the work day. (*Id.* at 20–21.) Plaintiffs seek $500.00 in statutory damages per each of the twelve plaintiffs, for a total of $6,000.00. (*Id.* at 21.)

b.     *Violation of the Record Keeping Requirements*

Based upon declarations submitted to the court, plaintiffs allege that defendants failed to maintain records of hours worked or piece work units earned, which violates 29 U.S.C. § 1831(c)(1). (*Id.*; Doc. No. 109-36.) The Gallardo defendants were only able to produce limited payroll records, which "include no record of hours worked or piecework units earned." (Doc. No. 109-37 at 21.) Defendants also failed to provide wage statements to plaintiffs, which violates § 1831(c)(2). (*Id.*) Although plaintiffs argue that these actions constitute separate, discrete violations of the statute, plaintiffs seek only one award of statutory damages per plaintiff. (Doc. No. 109-37 at 21.) This amounts to $500.00 per plaintiff, for a total of $6,000.00. (Doc. No. 109-37 at 21.)

---

[1] Plaintiffs' declarations were submitted as a single exhibit attached to the instant motion. (*See* Doc. No. 109-36.) For ease of reference, the court will refer herein to the declaration of plaintiff Maria Teresa (*Id.* at 1–5 ("Teresa Decl.")) unless otherwise indicated. However, all declarations contain substantially similar information.

4

c.      *Violation of the Wage Payment Requirements*

Plaintiffs state that defendants did not pay the wages due to them while they were

working or upon termination in violation of 29 U.S.C. § 1832(a).  (*Id.*)  That provision requires

that "[e]ach farm labor contractor, agricultural employer, and agricultural association which

employs any seasonal agricultural worker shall pay the wages owed to such worker when due."

29 U.S.C. § 1832(a).  Plaintiffs seek to recover for one violation of $500.00 per plaintiff for

failure to timely pay wages, for a total of $6,000.00.  (*Id.*)

2.      Second Cause of Action:  Failure to Pay Minimum Wages in Violation of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 206

Plaintiffs claim that they were not compensated for some of the hours they worked.  (*See,*

*e.g.*, Teresa Decl. at ¶ 20.)  This constitutes a violation of 29 U.S.C. § 206 and gives rise to a

cause of action under 29 U.S.C. § 216.  (Doc. No. 109-37 at 22.)  Employers must pay employees

the federal minimum wage, or the state minimum wage if it exceeds the federal minimum wage.

*See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse

noncompliance with any Federal or State law or municipal ordinance establishing a minimum

wage higher than the minimum wage established under this chapter . . ."); *see also* Cal. Lab. Code

§ 1182.12 (setting state minimum wage).

Following the hearing on the instant motion, plaintiffs submitted supplemental briefing

addressing situations where, as here, employers' records of wages paid are inaccurate or missing.

(Doc. No. 113.)  Although "[a]n employee seeking to recover unpaid minimum wages or

overtime under the FLSA 'has the burden of proving that he performed work for which he was

not properly compensated' . . . this burden is not to be 'an impossible hurdle for the employee.'"

*Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery*

*Co.*, 328 U.S. 680, 687 (1946)).  Thus, for instance, an employee's testimony that he or she

worked a number of hours and was not appropriately compensated can constitute competent

evidence of a violation.  *Manuel v. Quest Diagnostics, Inc.*, 341 Fed. App'x 348, 349 (9th Cir.

/////

/////

2009).[2]  Once an employee produces such evidence, "[t]he burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate the reasonableness of the inference to be drawn from the employee's evidence." *Brock*, 790 F.2d at 1448 (internal quotation marks omitted).

With respect to damages, plaintiffs point out that damages under the FLSA are subsumed by California Labor Code § 1194.2 because California's minimum wage during the relevant time period was higher than the federal minimum wage.  (Doc. No. 109-37 at 23 n.1.)  Because the court understands that plaintiffs are not seeking damages as to the second cause of action, damages will not be awarded.

3.    Third Cause of Action:  Failure to Pay Minimum Wages in Violation of California Labor Code § 1194

As with the second cause of action, plaintiffs' third cause of action alleges that defendants failed to compensate plaintiffs at the minimum wage.  However, this cause of action arises under state law rather than federal law.  Under California Labor Code § 1194, plaintiffs are entitled to the difference between the amount earned and the amount paid.  Further, plaintiffs are entitled to liquidated damages equal to unpaid wages.  Cal. Lab. Code § 1194.2.

Here, each plaintiff has submitted a declaration stating the number of hours they worked and the amount of unpaid wages due.  (*See, e.g.*, Teresa Decl. at ¶¶ 3–5.)  Those amounts are summarized in a chart prepared by plaintiffs' counsel.  (*See* Doc. No. 109-33.)  Plaintiffs calculate net unpaid wages due for all plaintiffs in 2014 and 2015 to be $6,063.50[3] and liquidated damages of $9,571.50.  (*Id.* at 3.)  Plaintiffs state that liquidated damages are higher than unpaid

---

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[3]  Here, and at several other points, plaintiffs' motion appears to seek an inaccurate amount of damages or penalties, likely due to a simple typographical error.  Plaintiffs' motion avers that the proper amount is $6,000.50, rather than $6,063.50.  (Doc. No. 109-37 at 23.).  However, the undersigned has reviewed the summary chart submitted by plaintiffs' counsel and concludes that $6,063.50 is the appropriate amount.  Column 8 of the chart, which lists "Net Wages Due," adds up to $6,063.50, and the court will therefore enter judgment against the Gallardo defendants in that amount.  (*Id.*)  However, if plaintiffs' counsel believes this amount was calculated in error, plaintiffs may file a motion to amend the judgment.

wages because some plaintiffs were paid minimum wages late, but liquidated damages should apply for the total amount of minimum wage rates that were paid late or remain unpaid. (Doc. No. 109-37 at 24.)

The court is aware of no authority holding that liquidated damages should be awarded under the California Labor Code for failure to pay minimum wage even where those wages were subsequently paid by the employer. However, plaintiffs advised the court at oral argument that the California Labor Commissioner has adopted this approach in calculating liquidated damages. Moreover, under the FLSA, an award of liquidated damages is appropriate even when the employer eventually pays the wages, because the violation occurs when wages are not timely paid. *See Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993) ("If a payday has passed without payment, the employer cannot have met his obligation to 'pay.'"). The FLSA therefore requires payment of at least the minimum wage on payday: the employer "shall pay" this amount. *Id.* at 1539; 29 U.S.C. § 206(b). Although the FLSA and the California Labor Code are separate statutory schemes, the court finds that this interpretation of the Labor Code adopted by plaintiffs comports with California's public policy of maximizing the protections afforded to employees. *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007) (recognizing that "statutes governing conditions of employment are to be construed broadly in favor of protecting employees").

4. Fourth Cause of Action: Failure to Provide Timely and Complete Meal and Rest Periods or Pay Additional Wages in Violation of California Labor Code § 226.7

a. *Compensation Owed for Late Meal Periods*

The meal period provision of the Industrial Welfare Commission ("IWC") Wage Order 14-2001 states:

> Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of employer and employee. Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the

> work prevents an employee from being relieved of all duty and when by written agreement between the parties an on- the-job paid meal period is agreed to.

8 Cal. Code Regs. tit. 8, § 11140.  Pursuant to this provision, plaintiffs contend they were entitled to have a full thirty-minute meal period at the beginning of their sixth hour of work.  (Doc. No. 109-37 at 25.)  Instead, they usually received a break of not more than fifteen minutes during either the sixth or seventh hour of work.  (*E.g.*, Teresa Decl. at ¶¶ 7–16.)  California Labor Code § 226.7 provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  Cal. Lab. Code § 226.7(c).  According to plaintiffs, these provisions entitle them to an additional hour of premium pay because they were not permitted to take timely meal periods of thirty minutes a day.  (Doc. No. 109-37 at 25.)

In their spreadsheet provided to the court (Doc. No. 109-33 at 2–3), plaintiffs state the payment amounts due in 2014 and 2015.  At the hearing on the pending motion, plaintiffs' counsel explained that because the payroll records of the Gallardo defendants in this case are deficient, these numbers were drawn from plaintiffs' declarations.  Plaintiffs each attested to the hours and number of days worked, from which plaintiffs' counsel calculated the number of meal periods due to plaintiffs.  According to these calculations, plaintiffs are owed a total of $1,656.00.  (*Id.*)

   b. *Compensation Owed for Shortened Rest Periods*

In a similar manner, plaintiffs seek compensation for shortened rest breaks.  Wage Order 14-2001 provides that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

8 Cal. Code Regs. tit. 8 § 11140.  Failure to provide a rest break entitles an employee to a premium pursuant to California Labor Code § 226.7(c).

/////

Plaintiffs state that they are due compensation because they were denied rest breaks of at least ten minutes because "the time necessary to walk to and from the location where they could take their rest period was counted against their break time." (Doc. No. 109-37 at 26–27.)  As with their claim for meal breaks, plaintiffs rely upon their own declarations to demonstrate the amount of time worked, and therefore, the amount they are entitled to recover.  (*See, e.g.*, Teresa Decl. at ¶¶ 10–15.)  According to these calculations, the total amount due for all plaintiffs is $1,818.00.  (Doc. No. 109-33 at 2.)

5. <u>Fifth Cause of Action:  Failure to Indemnify Plaintiffs for Necessary Tools and Equipment in Violation of California Labor Code § 2802</u>

Under California law, employers are required to indemnify employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . .." Cal. Lab. Code § 2802; *see also Aldapa v. Fowler Packing Co.*, 323 F.R.D. 316, 351–52 (E.D. Cal. 2018).  Plaintiffs purchased clippers and gloves to perform their agricultural work, because this equipment was not provided by defendants.  (Doc. No. 109-37 at 27; *see also, e.g.*, Teresa Decl. at ¶¶ 17–19.)  Damages are based upon the out-of-pocket expenses of plaintiffs, which total $247.00 for all plaintiffs.  (*See* Doc. No. 109-33 at 4.)

6. <u>Sixth Cause of Action:  Failure to Provide Complete and Accurate Itemized Wage Statements in Violation of California Labor Code § 226</u>

Plaintiffs next contend that defendants failed to provide wage statements that accurately itemized their earnings, hours worked, applicable rates of pay, payroll deduction, and other information.  (*E.g.*, Teresa Decl. at ¶ 25.)  Plaintiff claim this failure violates California Labor Code § 226(a).  *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1011 (9th Cir. 2018).

An employee who does not receive accurate wage statements is entitled to fifty dollars for the initial pay period in which a violation occurs and one hundred dollars for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars.  Cal. Lab. Code § 226(e)(1).  Based on plaintiffs' calculations, the total amount due for all plaintiffs with respect to this violation is $4,600.00.  (Doc. No. 109-37 at 29.)

7.     <u>Seventh Cause of Action:  Failure to Pay Wages Upon Termination in Violation of California Labor Code § 203</u>

Under California Labor Code § 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  "If an employer willfully fails to pay, without abatement or reduction, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203(a).

Plaintiffs contend they are entitled to "waiting time penalties" because they did not receive all wages owed immediately upon discharge at the end of the harvest seasons.  *See Valenzuela v. Giumarra Vineyards Corp.*, 614 F. Supp. 2d 1089, 1103 (E.D. Cal. 2009) (holding that "the end of seasonal work is a 'discharge'" for purposes of § 201).  Plaintiffs state that they were not timely paid wages owed after termination of the 2015 harvest season.  (*E.g.*, Teresa Decl. at ¶¶ 26–27.)  Moreover, the declarations of plaintiffs Viera, Antonio Torres, Lucia Torres, Aguilar, and Castaneda state that they are entitled to waiting time penalties for 2014 because they were not compensated for meal period premiums that year.  (Doc. No. 109-37 at 30.)  Because more than thirty days have passed since discharge, plaintiffs seek the maximum permissible penalty under the statute.  *See* Cal. Lab. Code § 203(a).  On this basis, plaintiffs state that each plaintiff is entitled to thirty days' wages at their regular rate of $9.00 per hour for 8.5 hours, or $2,295.00 each for each season.  (Doc. No. 109-37 at 30.)  This amounts to a total of $36,720.00.  (*See* Doc. No. 109-33 at 4, Columns 12–12A.)

8.     <u>Eighth Cause of Action:  Failure to Allow Inspection or to Provide Copies of Plaintiffs' Employee Records in Violation of California Labor Code § 226</u>

The failure to comply with a written or oral request to inspect or copy employment records within twenty-days results in a penalty of $750 per employee, plus injunctive relief, attorneys' fees, and costs.  Cal. Lab. Code § 226(c).  According to the declaration of plaintiff's attorney Rice, plaintiffs sent a written request to inspect or copy their employment records on or about May 4, 2015 and July 15, 2015, but defendants never provided the documents for

inspection.  (Doc. No. 109-1 ("Rice Decl.") at ¶¶ 16–19.)  Therefore, each plaintiff is due $750.00, with damages totaling $9,000.00.  (*Id.*; *see also* Doc. No. 109-33 at 4.)

> 9.   Tenth and Eleventh Causes of Action:  Injunctive Relief for Violation of Labor Laws, the Farm Labor Contractors Act, and the California Unfair Competition Law

Plaintiff's tenth cause of action alleges a violation of California Labor Code § 1695.7, which prohibits farm labor contractors (such as defendants) from operating without a valid farm labor contractor license.  (SAC at 18–19.)  That provision also provides that a worker claiming a violation of the statute may bring a civil action for injunctive relief and lost wages.  Cal. Lab. Code § 1695.7(c)(4).  Similarly, plaintiff's eleventh cause of action alleges that each of the labor law violations identified in their complaint constitutes an unfair business practice under California Business and Professions Code § 17200 *et seq.*, and that plaintiffs are entitled to injunctive relief pursuant to § 17203.  (SAC at 19–20.)

The primary difficulty with an award of injunctive relief in this case is that plaintiffs do not allege any ongoing injury to themselves.  All of the alleged harm in this case occurred back in 2014 and 2015, and it is unknown whether the Gallardo defendants have persisted in committing the wrongs alleged in the complaint.  Nor is it clear whether plaintiffs can realistically expect to be harmed by any such future violations.  Nonetheless, plaintiffs seek injunctive relief to preclude defendants from engaging in this conduct in the future because, as stated by plaintiffs' counsel at the hearing on this motion, the California Labor Commissioner has entered numerous orders against the Gallardo defendants concerning violations similar to those alleged in this case.

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and Article III federal courts lack subject matter jurisdiction over such suits."  *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015).  "If a plaintiff lacks Article III standing, Congress may not confer standing on that plaintiff by statute."  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

/////

/////

To satisfy Article III standing requirements, a plaintiff must show that:

> "(1) [they] have suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). A plaintiff must demonstrate standing "with respect to each form of relief sought, whether it be injunctive relief, damages, or civil penalties." *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc); *see also Haro v. Sebelius*, 747 F.3d 1099, 1108 (9th Cir. 2013) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).

To have standing to seek injunctive relief, the threat of injury to plaintiffs "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "In other words, the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Past wrongs do not by themselves amount to real and immediate threats of injury. *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effect"). However, "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496. "In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Bates*, 511 F.3d at 985–86.

Based on plaintiffs' submissions, the undersigned cannot conclude that future harm to the plaintiffs is "certainly impending." Because plaintiffs have not made such a showing, their request for injunctive relief will be denied. However, this denial is without prejudice to plaintiffs filing a renewed motion for injunctive relief. Any such motion should discuss how plaintiffs have satisfied the relevant Article III standing requirements, and should also analyze whether granting

of permanent injunctive relief is warranted under the four-factor test outlined in *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010).

    10.    Twelfth Cause of Action:  PAGA

California Labor Code Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 *et seq.* provides that:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Cal. Lab. Code § 2699(a).  Plaintiffs seek the award of PAGA penalties for violations of California Labor Code §§ 558, 1182.12, 1197, 226.7, 201 and/or 202, 226, and 1174.  (Doc. No. 109-37 at 33.)  Plaintiffs have already sought statutory penalties for violations of these same provisions, as discussed above.  Nonetheless, the weight of authority holds that plaintiffs are entitled to both statutory and civil penalties for the same violation of the California Labor Code. *See Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS(BLM), 2016 WL 1110302, at *4 (S.D. Cal. Mar. 22, 2016) (concluding that "allowing aggrieved employees to recover individual statutory penalties under the Labor Code in addition to PAGA penalties on behalf of the LWDA for the same violation is consistent with PAGA's express statutory language, the California Supreme Court's interpretation, and the legislature's intent"); *Stoddart v. Express Servs., Inc.*, No. 2:12-CV-01054-KJM, 2015 WL 5522142, at *9 (E.D. Cal. Sept. 16, 2015) (declining to dismiss the request for PAGA penalties and finding that plaintiff "may assert claims for both statutory penalties providing individual compensation as well as civil penalties under section 2699(f) on behalf of the LWDA in accordance with plain statutory language, legislative intent, policy behind PAGA, and the relevant case law"); *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *17 (N.D. Cal. June 15, 2012) ("PAGA penalties are separate and apart from the actual damages that a Plaintiff may recover under other labor code sections.")
/////

(citing *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1144–48 (2012)). The court is persuaded by these decisions on this point.

    a.    *PAGA Penalties Due Plaintiffs*

          i.    Penalties Under California Labor Code § 1197.1 for Failure to Pay Minimum Wages Due

California Labor Code § 1197.1 provides for civil penalties of $100 for each underpaid employee, and penalties of $250 for each subsequent violation. Cal. Lab. Code § 1197.1(a)(1)–(2). As discussed above, plaintiffs each suffered a minimum wage violation when they were not paid all wages due for hours worked. Civil penalty awards under this provision are in addition to the amount sufficient to recover underpaid wages, liquidated damages, and any other applicable penalties under § 203. *Id.* According to plaintiffs' calculations, these penalties amount to $6,700 for all plaintiffs. (Doc. No. 109-33 at 5.)

          ii.    Penalties Under California Labor Code § 1174.5 for Failure to Maintain Payroll Records

California Labor Code § 1174(d) requires that employers maintain payroll records "showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. Failure to maintain such records subjects employers to a civil penalty of $500." Cal. Lab. Code § 1174.5. As alleged in plaintiffs' second amended complaint, defendants failed to maintain such records. (SAC at 21; *see also* Rice Decl. at ¶¶ 16–19.) Penalties for violation of this provision total $6,000. (Doc. No. 109-33 at 6.)

          iii.    Penalties Under California Labor Code § 2699(f) for Failure to Pay Wages Due Upon Termination

California Labor Code § 202(a) provides in relevant part that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter." However, that provision does not provide for a specific civil penalty. Where provisions of the California Labor Code lack specific penalty provisions, California Labor Code § 2699(f) establishes civil penalties as follows:

> (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500).
>
> (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.
>
> (3) If the alleged violation is a failure to act by the Labor and Workplace Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, there shall be no civil penalty.

Cal. Lab. Code § 2699(f). Plaintiffs calculated civil penalties for failure to pay wages due upon termination at a rate of one violation per plaintiff per year. (Doc. No. 109-37 at 34.) According to the summary chart submitted by plaintiffs, this amounts to total civil penalties of $1,600.00. (Doc. No. 109-33 at 6.)

iv.     Penalties Under California Labor Code § 210 for Failure to Pay Wages When Due

California Labor Code § 210(a) provides that:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Because plaintiffs were employed by a farm labor contractor, Labor Code § 205 requires that they be paid on a weekly basis. Plaintiffs allege, however, that they were not timely paid for their work. (*E.g.*, Teresa Decl. at ¶ 20–21.) Plaintiffs calculate the total civil penalties due at $25,600.00. (Doc. No. 109-33 at 6.)

/////

/////

/////

| | |
|---|---|
| 1 | v.    Penalties Under California Labor Code § 558 for Failure to Pay |
| 2 | Premium Pay Due for Meal and Rest Period Violations |

As discussed above, defendants violated California Labor Code § 227.6 due to their

failure to timely provide meal and/or rest breaks, and then failing to pay plaintiffs at a premium

rate.  Failure to pay at this premium rate is considered a failure to pay wages and gives rise to

civil penalties pursuant to California Labor Code § 558.  *See Thurman*, 203 Cal. App. 4th at

1144–45.  That provision states:

> Any employer or other person acting on behalf of an employer who
> violates, or causes to be violated, a section of this chapter or any
> provision regulating hours and days of work in any order of the
> Industrial Welfare Commission shall be subject to a civil penalty as
> follows: (1) For any initial violation, fifty dollars ($50) for each
> underpaid employee for each pay period for which the employee
> was underpaid in addition to an amount sufficient to recover
> underpaid wages.  (2) For each subsequent violation, one hundred
> dollars ($100) for each underpaid employee for each pay period for
> which the employee was underpaid in addition to an amount
> sufficient to recover underpaid wages.

Cal. Lab. Code § 558(a).  Based on this provision, plaintiffs calculate total PAGA penalties at

$4,600.00.  (Doc. No. 109-33 at 7.)

| | |
|---|---|
| 16 | vi.    Penalties Under California Labor Code § 2699(f) for Failure to |
| 17 | Indemnify Plaintiffs for Tools and Equipment |

As discussed above, defendants violated California Labor Code § 2802 when they were

not reimbursed for the cost of their tools and equipment.  Because there is no specific civil

penalty attached to violations of § 2802, penalties are imposed in accordance with Labor Code

§ 2699(f), which provides for penalties at the rate of $100.00 per plaintiff per pay period in which

the violation occurred.  Plaintiffs calculated penalties as to these violations under the conservative

assumption that all expenditures were made in one pay period, and penalties were calculated

assuming one violation per plaintiff.  (Doc. No. 109-37 at 36.)  The total penalties calculated in

this manner amount to $1,200.00.  (Doc. No. 109-33 at 7.)

b.    *PAGA Penalties Due Other Aggrieved Employees*

In addition to recovering PAGA penalties on their own behalves, plaintiffs seek to recover

on behalf of other employees as well.  "[PAGA] permits a civil action 'by an aggrieved employee

on behalf of himself or herself and other current or former employees' to recover civil penalties for violations of other provisions of the Labor Code." *Amalgamated Transit Union, Local 1756 v. Superior Court*, 46 Cal. 4th 993, 1001 (2009) (quoting Cal. Lab. Code § 2699(a)). Labor Code § 558 also allows an aggrieved plaintiff to recover wages on behalf of other current or former aggrieved employees, and such wages are considered PAGA penalties. *Thurman*, 203 Cal. App. 4th at 1148 (holding that "an aggrieved employee acting as the [Labor and Workforce Development Agency's] proxy or agent by bringing a PAGA action may likewise recover underpaid wages as a civil penalty under section 558"). Penalties recovered under this provision, which include rest and meal period premiums, *see Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1197 (E.D. Cal. 2017), are to be "paid to the affected employee." Cal. Lab. Code § 558(a)(3). For each of the violations below, underpaid wages and penalties were calculated by plaintiffs based on defendants' produced computer records. (Doc. No. 109-37 at 37.)

### i. Penalties Under California Labor Code § 226.3 for Failure to Provide Wage Statements

Plaintiffs aver that they and the aggrieved employees failed to receive a compliant wage stub for any pay period. (*E.g.*, Teresa Decl. at ¶ 25.) Labor Code § 226.3 provides for a civil penalty of $250 per employee per violation in an initial citation. Assuming one violation per worker per pay period, offset by amounts due to plaintiffs, civil penalties under this provision total $73,500.00. (Doc. No. 109-34 at 4; Doc. No. 109-37 at 37.)

### ii. Penalties Under California Labor Code § 558 for Failure to Pay Premium Pay Due for Meal and Rest Period Violations

Plaintiffs state that they received a late lunch and/or no rest periods and were not paid at a premium rate to account for those failures. (*E.g.*, Teresa Decl. at ¶¶ 7–16.) Plaintiffs contend other workers also were not paid premiums for rest and meal breaks that were not provided. (*Id.* at ¶ 25.) Because of a lack of records from 2014, it was not possible to determine the actual number of days in each pay period in 2014. (Doc. No. 109-37 at 38.) Accordingly, an average was taken by plaintiffs of the number of days worked per pay period in 2015, and was then applied to 2014. (*Id.*) With respect to the amount of damages, Labor Code § 558 provides

17

penalties of $50.00 for the first pay period, plus $100.00 for each subsequent pay period. A calculation using these amounts yields a total penalty of $88,785.00 (offset by the amount already provided to plaintiffs), and underpaid wages of $34,119.00 (calculated at a rate of pay of $9.00 per hour). (Doc. No. 109-34 at 4; Doc. No. 109-37 at 38.)

iii.      Penalties Under California Labor Code § 210 for Failure to Pay Wages When Due

As with plaintiffs themselves, other aggrieved workers were not timely paid wages. (*E.g.*, Teresa Decl. at ¶¶ 25–26.) Section 210 provides that damages for an initial violation are $100 for each failure to pay per employee, and $200 per failure per employee for subsequent violations. Plaintiffs calculate the total amount of penalties for these violations as to other aggrieved workers at $99,800.00. (Doc. No. 109-34 at 4; Doc. No. 109-37 at 38.)

iv.      Penalties Under California Labor Code § 1174.5 for Failure to Maintain Payroll Records

As discussed above, defendants failed to main accurate and complete payroll records, in violation of California Labor Code § 1174.5. (SAC at 21; *see also* Rice Decl. at ¶¶ 16–19.) Failure to maintain such records triggers a civil penalty in the amount of $500.00. Cal. Lab. Code § 1174.5. This failure to maintain records was true not only with respect to plaintiffs, but with respect to all of defendants' employees. (Rice Decl. at ¶ 25(a).) Plaintiffs have conservatively calculated penalties assuming one violation per employee. (Doc. No. 109-37 at 39.) Because defendants were unable to provide a list of employees for 2015, plaintiffs estimated the total number of employees based on defendants' 2014 records. (*Id.*) Calculated in this way, penalties for the aggrieved workers total $164,000.00. (*Id.*; *see also* Doc. No. 109-35 at 7.)

v.      Penalties Under California Labor Code § 2699(f) for Failure to Pay Wages Due Upon Termination

Because premium pay was not paid to aggrieved employees for denial of meal or rest breaks, as discussed above, those aggrieved employees also were not timely paid upon termination. Because the relevant statute, California Labor Code § 202(a), does not provide the civil penalty to be paid, penalties are assessed at a rate of $100 per employee per each year

18

worked. Cal. Lab. Code § 2699(f). Applying this rate, plaintiffs have calculated civil penalties totaling $32,800.00 for all aggrieved employees, excluding plaintiffs in that calculation to prevent a double recovery. (Doc. No. 109-35 at 7; Doc. No. 109-37 at 39.)

11. Thirteenth Cause of Action: Failure to Produce or Permit Inspection of Plaintiffs' Personnel Records

Plaintiff's thirteenth cause of action is for failure to produce or permit inspection of plaintiffs' personnel records in violation of California Labor Code § 1198.5(a). Despite requests from plaintiffs' counsel, defendants did not produce these records. (Rice Decl. at ¶¶ 16–19.) Failure to produce personnel records for inspection entitles an employee to a penalty of $750.00, plus attorneys' fees and costs. Cal. Lab. Code §§ 1198.5(k)–(l).

Although similar in some respects to the failure to allow inspection or provide copies of plaintiffs' employment records as alleged in plaintiffs' eighth cause of action, this violation is pursuant to a separate statutory provision which provides for a separate remedy. Nonetheless, plaintiffs do not seek to recover for both violations, and request only the $9,000.00 for violation of Labor Code § 226, their eighth cause of action. Accordingly, the court will not include any recovery for violation of § 1198.5 in the damages award.

12. Attorneys' Fees

Finally, plaintiffs seek an award of attorneys' fees and costs. Plaintiffs seek attorney compensation at rates of between $350 and $600 per hour (*see* Rice Decl. at ¶¶ 27–28; Doc. No. 109-38 at ¶ 3), but have provided relatively scant briefing on this issue. (Doc. No. 109-37 at 40–41.) At the hearing on the pending motion, plaintiff's counsel agreed to submit supplemental briefing on the issue of attorneys' fees. Accordingly, the court will reserve judgment on this issue pending the filing of a motion for attorneys' fees.[4]

---

[4] Although the court makes no finding at this time as to the appropriate hourly rate to be employed, the undersigned observes that the few cases already cited to by plaintiffs do not support an hourly rate of $600.00. In none of those cases did the courts actually award attorneys' fees at a particular hourly rate. Instead, those courts were merely performing a lodestar cross-check to determine whether the percentage of the fund sought by plaintiffs' counsel was reasonable. *See Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-cv-00474-DAD-BAM, 2017 WL 749018, at *7–8 (E.D. Cal. Feb. 27, 2017); *Barbosa v. Cargill Meat Sols. Corp.*,

19

**C.      Amount of Monetary Recovery**

The sum of money sought to be recovered by plaintiffs here, though significant, is not more excessive than other default judgments that have been entered for a single plaintiff against a defaulting entity.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (upholding district court's default judgment of $1,483,075.84 because the award was based on figures that were consistent between the damages claimed in the complaint and supported by evidence).

**D.      Possibility of a Dispute Concerning Material Facts**

There are no disputes about material facts in this case, because the allegations in the SAC are assumed to be true based on the Gallardo defendants' default.  *Geddes*, 559 F.2d at 560 ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").  As to the issue of damages, although defendants have filed cross-claims against one another (Doc. Nos. 46, 47), plaintiffs' allegations with respect to damages and penalties are supported by multiple declarations and are presently uncontroverted.

/////

/////

---

297 F.R.D. 431, 452–53 (E.D. Cal. 2013); *Gong-Chun v. Aetna Inc.*, No. 1:09-cv-01995-SKO, 2012 WL 2872788, at *20–23 (E.D. Cal. July 12, 2012).  Under such circumstances, a determination of the lodestar amounts only to a "rough calculation."  *Bond v. Ferguson Enters., Inc.*, No. 1:09-cv-01662-OWW-MJS, 2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011) (quoting *Fernandez v. Victoria Secret Stores*, LLC, No. CV 06–04149 MMM (SHx), 2008 WL 8150856 (C.D. Cal. July 21, 2008)); *see also Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 264 (N.D. Cal. 2015) ("[I]t is well established that '[t]he lodestar cross-check calculation need entail neither mathematical precision nor bean counting.'") (quoting *Covillo v. Specialtys Café*, No. C–11– 00594 DMR, 2014 WL 954516 (N.D. Cal. Mar. 6, 2014)).  To the extent plaintiffs' counsel intends to seek attorneys' fees at the rates requested in this motion, they should be prepared to provide the court with evidence that such rates accurately reflect attorney compensation within the Eastern District of California.  This may come in the form of legal authority, or through affidavits or declarations stating that such rates are proper in this District. *See Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) ("The burden is on the fee applicant himself to produce satisfactory evidence of the relevant market rate.") (internal quotation marks omitted); *Schmidt v. City of Modesto*, No. 1:17-cv-01411-DAD-MJS, 2018 WL 6593362, at *3–6 (E.D. Cal. Dec. 14, 2018) (declining to award the requested hourly rate of $550 per hour because "no . . . information was provided as to prevailing rates in the Eastern District").

1    **E.**    **Default Due to Excusable Neglect**

Here, the Gallardo defendants cannot make a reasonable argument that their conduct constitutes excusable neglect. They were served, answered, and then failed to respond to discovery, resulting in the entry of default as a discovery sanction based on the recommendations of the assigned magistrate judge. (Doc. Nos. 71, 76, 92, 93, 94, 97.) Nor have the Gallardo defendants attempted to oppose the present motion in any way. The court therefore finds it exceedingly unlikely that the Gallardo defendants' failure to meaningfully participate in this action is due to excusable neglect.

**F.**    **Decisions on the Merits**

The court acknowledges the strong preference for resolution of cases on the merits. However, the Gallardo defendants' failure to contest this action and refusal to participate in this litigation makes a merits determination effectively impossible. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (noting that Federal Rule of Civil Procedure 55 permits "termination of a case before hearing the merits . . . whenever a defendant fails to defend an action"). Accordingly, consideration of this factor alone cannot defeat entry of default judgment.

Having considered the relevant factors, the court is satisfied that entry of default judgment is warranted under these circumstances.

**CONCLUSION**

For the reasons set forth above,

1.    Judgment in this action is hereby entered against defendants Gabriel Gallardo, Silvia Gallardo, Manuel Gallardo, and Kern County Cultivation, Inc.[5];

2.    The court awards liquidated damages under the Agricultural Worker Protection Act to each of the twelve plaintiffs in the amount of $1,500.00, for a total $18,000.00;

/////

---

[5] The court expresses no opinion at this time as to the potential joint and several liability of the Gallardo defendants and the remaining Kooner defendants.

3. The court awards unpaid wages to plaintiffs in the amount of $6,063.50;

4. The court awards damages to plaintiffs for failure to timely provide meal periods in the amount of $1,656.00;

5. The court awards damages to plaintiffs for failure to timely provide rest breaks in the amount of $1,818.00;

6. The court awards reimbursement to each plaintiff for tools and equipment in the amount of $247.00;

7. The court awards damages to plaintiffs for failure to provide complete and accurate wage statements in the amount of $4,600.00;

8. The court awards penalties to plaintiffs for failure to pay wages upon termination in the amount of $36,720.00;

9. The court awards penalties to plaintiffs for failure to allow inspection or to provide copies of plaintiffs' employee records in the amount of $9,000.00;

10. The court awards liquidated damages under the California Labor Code to plaintiffs in the amount of $9,571.00;

11. The court awards interest to each plaintiff in the amount of $5,732.70;

12. The court awards PAGA penalties in the aggregate of $45,700.00, 25% payable to plaintiffs and 75% payable to the California Labor and Workforce Development Agency;

13. The court awards PAGA penalties in the aggregate of $458,885.00, 25% payable to other aggrieved employees and 75% payable to the California Labor and Workforce Development Agency;

14. The court awards PAGA underpaid wages due other aggrieved employees in the aggregate of $34,119.00, 100% payable to other aggrieved employees;

15. The awards reflected above result in a total award of damages, penalties, and interest in the amount of $93,408.20, separate and apart from the PAGA penalties of $538,704.00;

/////

16. Within 30 days of service of this order, plaintiffs are authorized to file a motion for attorneys' fees and costs; and

17. Within 10 days of service of this order, counsel for plaintiffs and the remaining Kooner defendants are instructed to contact courtroom deputy Jami Thorp at jthorp@caed.uscourts.gov to arrange a date for a further status conference before the undersigned to discuss the scheduling of further proceedings in this action.

IT IS SO ORDERED.

Dated: __**January 25, 2019**__

_____
UNITED STATES DISTRICT JUDGE