UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCARIA TENORIO, et al., | No. 1:16-cv-00283-DAD-JLT |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST THE GALLARDO DEFENDANTS |
| GABRIEL GALLARDO, et al., | |
| Defendants. | (Doc. No. 123) |

This matter is before the court on plaintiffs' motion for attorneys' fees and costs against defendants Gabriel Gallardo, Silvia Esther Gallardo, Manuel Gallardo, and Kern County Cultivation, Inc. (Doc. No. 123-1.) On April 16, 2019, the motion came before the court for hearing. Attorneys Cynthia Rice, Stanley Mallison, Marisa Lundin, and Liliana Garcia appeared telephonically on behalf of plaintiffs. Defendants, who are proceeding *pro se*, did not appear. Having reviewed the parties' submissions, and having heard from counsel, plaintiffs' motion will be granted in part for the reasons explained below.

## BACKGROUND

This multi-party lawsuit alleges that all defendants named in this action acted in concert to employ plaintiffs and other farm workers to perform seasonal agricultural work in and around Kern County in 2014 and 2015. Plaintiffs allege that this employment violated various federal and state labor laws, including failure to pay all wages due, failure to provide timely meal

periods, failure to provide complete wage statements, and operating as an unlicensed farm labor contractor.  (Doc. No. 109-37 at 7.)

Defendants have filed cross-claims against each other, alleging that the others were responsible for compensating workers but failed to do so.  (*See id.* at 41.)  Specifically, Pawan S. Kooner, Hardeep Kaur, and Nazar Kooner (collectively the "Kooner defendants") alleged that they paid Gabriel Gallardo, Silvia Gallardo, Manuel Gallardo, and Kern County Cultivation, Inc. (collectively the "Gallardo defendants") for the labor provided, and that the Gallardo defendants then failed to pay workers.  (*Id.*)  The Gallardo defendants, in turn, allege that the Kooner defendants were responsible for paying workers.  (*Id.*)

This action proceeds on the plaintiffs' second amended complaint, which includes claims for violations of the Agricultural Workers Protection Act ("AWPC"), the Fair Labor Standards Act ("FLSA"), and various provisions of the California Labor Code.  (Doc. No. 34 ("SAC").)  On March 22, 2017, the Gallardo defendants filed their answer to the SAC.  (Doc. No. 52.) Subsequently, the answers of each of the Gallardo defendants were stricken, and the Clerk of the Court entered default against them.  (Doc. Nos. 76, 77, 97, 98.)  On April 23, 2018, the court held a pretrial conference, at which defendant Silvia Gallardo appeared on her own behalf.  (Doc. No. 108.)  After hearing from the parties at that conference, the undersigned vacated the trial date and directed plaintiffs to file a motion for default judgment as to the Gallardo defendants.  (*Id.*) Plaintiffs filed a motion for default judgment on May 8, 2018.  (Doc. No. 109.)  The motion was partially granted on January 28, 2019.  (Doc. No. 114.)  On March 8, 2019, plaintiffs filed a motion for attorneys' fees and costs against the Gallardo defendants.  (Doc. No. 123-1.)  No opposition has been filed to that motion.

## LEGAL STANDARDS

"In federal litigation, the American Rule generally precludes an award of attorneys' fees absent statutory authorization or an enforceable contractual fees provision."  *Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc.*, 495 F.3d 1078, 1081 (9th Cir. 2007); *see also MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (describing the "American Rule" in which "each party must bear its own attorneys' fees in the absence of a rule, statute or contract

2

authorizing such an award"). However, attorneys' fees may be awarded pursuant to the FLSA and various provisions of the California Labor Code. The FLSA provides for the mandatory award of "a reasonable attorney's fee to be paid by the defendant, and costs of the action" to the prevailing party. 29 U.S.C. § 216(b); *see also Newhouse v. Robert's Ilimare Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorney's fee."); *Gonzalez v. Rest.*, No. 14-cv-03099-BLF, 2015 WL 4481978, at *5 (N.D. Cal. July 22, 2015) ("The FLSA provides for the mandatory award of attorney's fees and costs of an action."). Additionally, in actions brought for the nonpayment of wages, the court must "award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Cal. Lab. Code § 218.5.

"Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby a court multiplies 'the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Telles v. Li*, No. 5:11-CV-01470-LHK, 2013 WL 5199811, at *15 (N.D. Cal. Sept. 16, 2013) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted)); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id.* at 434; *see also J & J Sports Prods., Inc. v. Napuri*, No. C 10-04171 SBA, 2013 WL 4428573, at *1 (N.D. Cal. Aug. 15, 2013).

In assessing fee applications, the reasonable hourly rates are calculated according to the prevailing market rates in the relevant legal community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work

performed by attorneys of comparable skill, experience, and reputation.'") (quoting *Chalmers*, 796 F.2d at 1210–11); *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009); *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Typically, the "relevant legal community" is the forum district[1] and the local hourly rates for similar work should normally be employed. *Gonzalez*, 729 F.3d at 1205; *Prison Legal News*, 608 F.3d at 454; *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994); *Deukmejian*, 987 F.2d at 1405.

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United*

/////

---

[1]  The court recognizes that judges in the Eastern District of California frequently distinguish between the Fresno and Sacramento communities in determining hourly rates. The general rule for awarding attorneys' fee rates, however, is that "the rates of attorneys practicing in the forum *district*" are used. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (emphasis added). The ultimate task of the court is to discern the "prevailing market rates in the relevant community." *See Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). This court has located no authority indicating that hourly rates for attorneys in Sacramento may not be used to guide the court's award of such fees in cases originating in Fresno, particularly in specialized fields of litigation. Again, the typical approach looks to the *district* in which the court sits. *See id.* at 1206 (noting the appropriate rate was "the market rate prevailing in the Central District of California"); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (using the "Northern District of California" as the relevant legal community); *Camacho*, 523 F.3d at 979 (same); *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991) (using the Western District of Washington as the relevant local community), *overruled on other grounds as recognized in Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992). *But see Vega v. Eatherford U.S. LP*, No. 1:14-cv-01790-JLT, 2016 WL 7116731, at *16 (E.D. Cal. Dec. 7, 2016) (concluding that within the Eastern District of California, the appropriate forum for determining the lodestar rate is the division of the district in which the case is filed) (quoting *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011)). Finally, the undersigned would note that according to the Local Rules of this court, this is not a district court with separate divisions, as many are, but rather is a single district sitting in designated locations for venue purposes. *See* Eastern District of California Local Rule 120.

*Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also Napuri*, 2013 WL 4428573, at *2.

**DISCUSSION**

**A.     Attorneys' Fees**

Here, plaintiffs request a total of $189,630.25 in attorneys' fees for counsel from California Rural Legal Assistance, Inc. ("CRLA") and $90,811.00 in attorneys' fees for counsel from Mallison & Martinez.  (Doc. No. 123-1 at 13.)  The attorneys and their respective bar admission dates, hourly rates, hours expended, and total fees requested are detailed below.

| CRLA Attorney | Bar Admission | Hourly Rate | Hours Expended | Total Requested |
|---|---|---|---|---|
| Cynthia Rice | November 1979 | $425 | 244.68 | $103,989.00 |
| Marisa Lundin | February 2012 | $275 | 176.95 | $48,661.25 |
| Maureen Keffer | December 2011 | $300 | 85.3 | $25,590.00 |
| Sahar Durali | December 2013 | $250 | 23 | $5,750.00 |
| Rebecca Buckley-Stein | June 2016 | $200 | 28.2 | $5,640.00 |
| **CRLA Total** | | | **558.13** | **$189,630.25** |

| Mallison & Martinez Attorney | Bar Admission | Hourly Rate | Hours Expended | Total Requested |
|---|---|---|---|---|
| Stan S. Mallison | December 1996 | $650 | 3.3 | $2,145.00 |
| Marco Palau | June 2006 | $495 | 164.6 | $81,477.00 |
| Joseph D. Sutton | June 2010 | $395 | 2.5 | $987.50 |
| Eric S. Trabucco | January 2014 | $395 | 3.5 | $1,382.50 |
| Hilary P. Hammel | November 2013 | $395 | 12.2 | $4,819.00 |
| **Mallison & Martinez Total** | | | **186.1** | **$90,811.00** |

In support of their fee request, plaintiffs have submitted the declarations of attorneys Marisa Lundin and Stan Mallison. (*See* Doc. No. 123-2, Declaration of Marisa Lundin ("Lundin Decl.") and Doc. No. 123-4, Declaration of Stan Mallison ("Mallison Decl.").) Based on these declarations, the attorneys of CRLA and Mallison & Martinez request different hourly rates, which the court will address separately.

### 1. Requested Hourly Rates

The CRLA attorneys request hourly rates that range from $200 per hour for an attorney with approximately three years of experience, to $425 per hour for an attorney with approximately thirty years of experience. (Doc. No. 123-1 at 6–8.) Counsel argues that these rates are reasonable "because they were calculated according to the forum in which this Court sits, the Fresno Division of the Eastern District." (*Id.* at 3.) Further, counsel from CRLA state that they seek "compensation at this rate given that they have an office and local counsel in the [Fresno] area." (*Id.* at 5.)

Meanwhile, the attorneys from Mallison & Martinez request higher hourly rates than those requested by the CRLA attorneys. (*Id.* at 8–11.) They request hourly rates ranging from $395 per hour for an attorney with approximately six years of experience, to $650 per hour for an attorney with approximately twenty-five years of experience. (*Id.*) Counsel from Mallison & Martinez argue that these hourly rates are appropriate because, due to a lack of local resources, they had to recruit private counsel from Oakland, California for assistance in litigating this case. (*Id.* at 5.) In this regard, counsel appears to argue that out-of-district rates are appropriately awarded here because the relevant community lacked attorneys with the proper expertise or specialization required to litigate this case. (*Id.*) Alternatively, counsel from Mallison & Martinez urges the court to consider awarding them attorneys' fees based on "higher rates they have been awarded in the Eastern District." (*Id.* at 6.) Specifically, the Mallison & Martinez attorneys point to attorneys' fees that were awarded them in *Velasco v. Mis Amigos Meat Mkt., Inc.*, No. 2:08-CV-0520-TLN, 2013 WL 5755054, at *12 (E.D. Cal. Oct. 23, 2013), a wage and hour class action in which the court granted default judgment and summarily approved the following rates: attorney Stan Mallison at $650.00 per hour; attorney Hector Martinez at $650.00

per hour; attorney Marco Palau at $495.00 per hour; attorney Joe Sutton at $395.00 per hour. (*See* Doc. No. 123-1 at 6.)

Based on prior awards of attorneys' fees in this District, the court finds that the rates requested by CRLA are clearly within the prevailing rates for this community. *See, e.g.*, *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (concluding that appropriate rates in this community are $350 to $400 per hour for attorneys with twenty or more years of experience, $250 to $350 per hour for attorneys with less than fifteen years of experience, and $125 to $200 per hour for attorneys with less than two years of experience); *Sanchez v. Frito-Lay, Inc.*, No. 1:14-CV-00797 AWI, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015), *report and recommendation adopted*, No. 1:14-CV-797-AWI-MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (awarding rates of $275 to $350 for attorneys with between fourteen and twenty years of experience). Therefore, the court will award attorneys' fees to the CRLA attorneys at the requested hourly rates.

However, the undersigned notes that judges in this district have found that significantly higher prevailing rates are appropriate in the Eastern District of California, especially in areas of complex civil litigation including labor and employment class action cases. *See Early v. Keystone Rest. Grp., LLC*, No. 2:16-CV-00740-JAM-DB, 2019 WL 918211, at *5 (E.D. Cal. Feb. 25, 2019) (finding that an "hourly rate of $530 per hour to be well within the acceptable range for an attorney with [thirty years of experience in labor and employment law]"); *Z.F. by & through M.A.F. J.F. v. Ripon Unified Sch. Dist.*, No. 2:10-cv-00523-TLN-CKD, 2017 WL 1064679, at *3 (E.D. Cal. Mar. 21, 2017) ("Prevailing hourly rates in the Eastern District of California are in the $350–$550/hour range for experienced attorneys with over 15 years of experience in civil rights and class action litigation."). Though the court acknowledges that in one Eastern District case counsel at Mallison & Martinez have been awarded rates of up to $650 an hour, it also notes that the rates in that case were summarily approved without explanation as to their reasonableness. *See Velasco*, 2013 WL 5755054, at *12. Based on the authorities cited above, the court finds that a downward adjustment to the rates requested by Mallison & Martinez is appropriate to reflect the prevailing rates in the Eastern District of California, despite the complex nature of this litigation.

Therefore, the court will award the following hourly rates.

| Mallison & Martinez Attorney | Bar Admission | Requested Rate | Adjusted Rate | Hours | Adjusted Total Award |
|---|---|---|---|---|---|
| Stan S. Mallison | December 1996 | $650 | $525 | 3.3 | $1,732.50 |
| Marco Palau | June 2006 | $495 | $375 | 164.6 | $61,725.00 |
| Joseph D. Sutton | June 2010 | $395 | $300 | 2.5 | $750.00 |
| Eric S. Trabucco | January 2014 | $395 | $250 | 3.5 | $875.00 |
| Hilary P. Hammel | November 2013 | $395 | $250 | 12.2 | $3,050.00 |
| **Total:** | | | | 186.1 | **$68,132.50** |

    2.    <u>Hours Reasonably Expended</u>

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers*, 796 F.2d at 1210. The CRLA attorneys have submitted detailed billing records that include the date, amount of time spent, attorney name, and description of the activity being billed. (*See* Doc. No. 123-3.) In her declaration in support of the fee application, attorney Lundin stated that the hours spent on this case were derived from "contemporaneous and accurate records of their time spent on the case in CRLA's electronic time keeping system . . .." (Doc. No. 123-2 at 4.) Attorney Lundin also stated that billing between attorneys for CRLA and Mallison & Martinez was not duplicative, because "Mallison & Martinez also represented individuals not represented by CRLA. Therefore, their presence at depositions, client meetings, hearings and in all other matters was not duplicative." (*Id.*) Finally, attorney Lundin stated that travel costs and all hours expended following filing the motion for default judgment, including the hours spent preparing this apparent, were excluded. (*Id.*) The court has reviewed the hourly billing records provided by CRLA and finds them to be reasonable.

However, the court cannot overlook that counsel from Mallison & Martinez did not submit detailed time records justifying the hours claimed to have been expended in litigating this

case. At the hearing on the pending motion, attorney Mallison stated that it was his understanding that the hours reflected in the motion were based on contemporaneous billing records. However, attorney Mallison also candidly acknowledged that attorney Marco Palau, the main litigator in the firm responsible for this case, left Mallison & Martinez last year, and that the firm's ability to improve upon the information provided with respect to attorney time spent litigating this matter was limited as a result of his departure. Finally, attorney Mallison stated that the time records were based on attorney Palau's declaration, as submitted in support of plaintiffs' motion for default judgment. (*See* Doc. No. 109-38.) Attorney Palau's declaration provided the following short summary of his work on this case, as it pertains to this motion:

> I have spent 147.3 hours working on this case that can be applied to claims against Gabriel Gallardo, Silvia Gallardo, Manuel Gallardo and Kern County Cultivation, Inc. I spent approximately 33 hours in the initial work-up of the case. This included meetings with 14 plaintiffs in the Arvin area, conducting legal research and investigating the claims and bases of liability for the various defendants, and drafting and filing of the complaint. I then spent approximately 102 hours litigating the case, including written discovery, depositions, motions to compel, a motion for sanctions and other litigation. Finally, I have spent approximately 12 hours working on the prove-up and preparing for trial.

(*Id.* at 3, ¶ 2.) In his declaration Attorney Palau also stated the hours that other Mallison & Martinez attorneys worked on this case but did not attach detailed billing records or describe what each attorney worked on during the hours billed. (*Id.* at 3.) At the hearing on the pending motion, the court expressed dissatisfaction with the deficiencies of these billing records, but counsel from Mallison & Martinez did not indicate that they were able to provide any more detailed billing records.

Courts in this circuit "have expressed a 'preference' for contemporaneous records, [but] we have never held that they are absolutely necessary." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citing *United States v. 12,248 U.S. Currency*, 957 F.2d 1513, 1521 (9th Cir. 1991)). "[F]ee requests can be based on 'reconstructed records developed by reference to litigation files.'" *Id.* (quoting *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1473 (9th Cir. 1983)). Therefore, an attorney is "not required to record in great detail how each minute of his time was expended . . . [and] can meet his burden—although just barely—by simply listing

9

his hours and identifying the general subject matter of his time expenditures." *Id.* (finding that a fee application met this "basic requirement" when it "provided a summary of the time spent on a broad category of tasks such as pleadings and pretrial motions (16.5 hours), settlement (4.2 hours), and court appearances (1.5 hours).").  However, "parties are subject to a reduction in the hours awarded when they fail to provide adequate documentation, notably contemporaneous time records." *Apple, Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 5451411, at *3 (N.D. Cal. Nov. 7, 2012); *see also, e.g., Hensley*, 461 U.S. at 438 n.13 (noting with approval the district court's 30% reduction in an attorneys' fee award in part due to counsel's failure to keep contemporaneous time records); *Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("The lack of contemporaneous records does not justify an automatic reduction in the hours claimed, but such hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation."); *Ackerman v. W. Elec. Co.*, 643 F. Supp. 836, 865 (N.D. Cal. 1986), *aff'd*, 860 F.2d 1514 (9th Cir. 1988) ("The percentage reduction method used by defendant to determine the number of hours reasonably expended has been employed by a number of courts, especially when contemporaneous records are seriously deficient or nonexistent.").

Here, the court concludes that the billing records provided by Mallison & Martinez are not sufficiently specific to allow a determination of whether the time expended on the stated tasks was reasonable.  Based on this minimal showing, the court is skeptical that counsel maintained contemporaneous time records.  Attorney Palau's declaration vaguely describes his own work (e.g., "102 hours litigating the case, including written discovery, depositions, motions to compel, a motion for sanctions and other litigation") and provides no description of the work done by his colleagues on this action.  Because these records are not specific enough to allow the court to determine if the time attorney time spent was reasonable, the attorney time sought to be compensated will be subject to a reduction. *See Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 3184167, at *5 (C.D. Cal. July 26, 2017) (A 30% reduction in the number of attorney hours reasonably expended found to be appropriate in light of insufficient billing records); *Lehr v. City of Sacramento*, No. 2:07-CV-01565-MCE, 2013 WL 1326546, at *11 (E.D. Cal. Apr. 2,

2013) (finding that a twenty percent reduction in the number of hours would be reasonable, given insufficient detail in billing documentation).

Accordingly, the court concludes that counsel from Mallison & Martinez should be awarded $60,000.00 in attorneys' fees and that the CRLA attorneys should be awarded $189,630.25 in attorneys' fees as requested.

**B.      Costs**

Both counsel from CRLA and Mallison & Martinez submit records of costs to be recovered, attributable to this litigation against the Gallardo defendants.  (*See* Doc. No. 123-1 at 13.)  Counsel from CRLA submitted costs totaling $6,773.03, which includes postage and mailing costs; deposition transcript preparation; interpreter services at depositions for non-English speaking deponents; translation costs for translating plaintiffs' declarations on interrogatory responses; Court Call appearance fees; and production costs for Public Records Act requests.  (Doc. No. 123-2 at 4.)  The court has reviewed these costs and finds them to be appropriate for recovery.

Counsel from Mallison & Martinez states that the firm expended a total of $23,577.10 in costs in this matter, including deposition reporting fees, filing and service fees, expert services, and legal research.  (*See* Doc. No. 123-4 at 2.)  A significant portion of these fees are derived from legal research conducted.  While reasonable litigation expenses, such as those from computer legal research, are typically recoverable, plaintiffs' counsel may only recover fees that were actually expended.  *See Rutti v. Lojack Corp.*, No. SACV 06-350 DOC JCX, 2012 WL 3151077, at *12 (C.D. Cal. July 31, 2012) (stating that expenses, such as from computer legal research, are typically recoverable but denying plaintiffs' request for costs when it was not accompanied with any supporting documentation).  At the hearing on the pending motion, plaintiffs' counsel acknowledged in response to the court's inquiry that such legal research fees were not specifically incurred in the true sense and, therefore, are not typically charged to a client.[2]  Based on the court's review of Mallison & Martinez's costs, the $11,862.00 of which are

---

[2]  This is because law firms typically have unlimited access plans with Westlaw or similar providers.

attributed to legal research fees, will not be awarded.  The remaining costs submitted by Mallison & Martinez are reasonable and appropriate and will costs will be awarded to the firm in the amount of $11,715.00.

**CONCLUSION**

Accordingly,

1.     Plaintiffs' motion for attorneys' fees and costs against the Gallardo defendants is granted in part, as discussed in the order above;

2.     The court awards $249,630.25 in attorneys' fees, of which $189,630.25 is attributable to the CRLA attorneys and $60,000.00 is attributable to counsel from Mallison & Martinez; and

3.     The court awards $18,488.03 in costs, of which $6,773.03 is attributable to the CRLA attorneys and $11,715.00 is attributable to counsel from Mallison & Martinez.

IT IS SO ORDERED.

Dated:   **August 15, 2019**                                _____

UNITED STATES DISTRICT JUDGE